UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

EDDIE JUDKINS, #445981,           )
                                  )
        *Plaintiff*,               )
                                  )   No.: 3:14-cv-225-PLR-CCS
v.                                )
                                  )
JOHNNY BATES, M.D., and WHITE     )
COUNTY, TENNESSEE,                )
                                  )
        *Defendants*.              )

## MEMORANDUM AND ORDER

The Court is in receipt of a *pro se* prisoner's complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the complaint was received. However, for the reasons stated below, process shall not issue at this time.

The plaintiff is presently an inmate at the Northwest Correctional Complex in Tiptonville, Tennessee. He brings this action against the jail physician at the White County Jail and against White County, Tennessee, for incidents that occurred during his incarceration in the White County Jail. Venue for § 1983 actions is governed by 28 U.S.C. § 1391(b), which requires that an action be brought in the judicial district where one of the defendants resides, if all defendants reside in the same State, or where the

claim arose. In this instance, it is apparent that no defendant resides in this judicial district and that the claim did not arise in this district.

The claim arose at White County, Tennessee, which is within the Middle District of Tennessee. 28 U.S.C. § 123(b)(2). Accordingly, the Clerk is **DIRECTED** to transfer this case to the United States District Court for the Middle District of Tennessee, Northeastern Division, at Cookeville, Tennessee. 28 U.S.C. § 1406(a).

Because the plaintiff is in the custody of the Tennessee Department of Correction, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; or

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Order to the Warden of the Northwest Correctional Complex, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Order to the court's financial deputy.

**E N T E R :**

_/s/ Pamela L. Reeves_
**UNITED STATES DISTRICT JUDGE**